IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| ROOSEVELT CARABLI-RUIZ, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | CASE NO. 4:12-CV-271- CDL-MSH |
| | : | 28 U.S.C. § 2241 |
| ERIC HOLDER, *et al.* | : | |
| | : | |
| Respondents. | : | |

_____

### RECOMMENDATION OF DISMISSAL

Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on October 10, 2012. (ECF No. 1.)  In his application for habeas relief pursuant to 28 U.S.C. § 2241, Petitioner sought release from detention following an order of deporation to his native country of Colombia.  (*Id.*)  Respondents have now filed Notice of Removal and Motion to Dismiss showing that Petitioner was removed to his native country on January 28, 2013.  (ECF No. 12.)  Respondents have attached a copy of the Warrant of Removal/Deportation (From I-205) in this case.  Because of Petitioner's removal, Respondents now contend that this Court should dismiss Petitioner's pending § 2241 petition because it lacks subject matter jurisdiction.  (Mot. to Dismiss 1-2.)  The Court agrees and recommends dismissal of this case.

"[A] case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1335-36 (11th Cir. 2001) (internal quotation marks and citation omitted).  "If events that occur

subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed." *Id.* at 1336. Where a habeas petitioner who was protesting his detention is no longer in custody, the dispute with regard to his detention is mooted. *See Spencer v. Kemna,* 523 U.S. 1, 7-8 (1998) (discussing "in custody" requirement of habeas statute 28 U.S.C. § 2254). Since the Court can no longer give the Petitioner any meaningful relief, the case is moot and "dismissal is required because mootness is jurisdictional." *Al Najjar*, 273 F.3d at 1336.

WHEREFORE, IT IS RECOMMENDED that Respondents' Motion to Dismiss be GRANTED and Petitioner's Application for writ of habeas corpus be DISMISSED without prejudicing his right to file a new § 2241 petition in the future if a change in his circumstances occurs. Pursuant to 28 U.S.C. § 636(b)(1), the Petitioner may serve and file written objections to this recommendation with the UNITED STATES DISTRICT JUDGE within fourteen (14) days after being served a copy of this recommendation.

SO RECOMMENDED, this 28th day of May, 2013.

S/Stephen Hyles
UNITED STATES MAGISTRATE JUDGE